Gregorio TORRES–ARAMBULA; et al., Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 01–70259.

INS Nos. A74–793–555, A74–793–556, A74–793–557.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 25, 2002.

Before B. FLETCHER, T.G. NELSON, and RICHARD C. TALLMAN, Circuit Judges.

### MEMORANDUM **

Gregorio Torres–Arambula, his wife, Maria Ines Vazquez de Torres and their daughter, Veronica Torres–Vazquez petition pro se for review of the BIA's dismissal of their appeal of the denial of their applications for suspension of deportation. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), this court has jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c), *see Avetova–Elisseva v. INS,* 213 F.3d 1192, 1195 n. 4 (9th Cir.2000). We deny the petition for review.

The BIA properly found that petitioners were not qualified for suspension of depor-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tation because petitioners failed to establish the requisite seven years of continuous physical presence in the United States prior to issuance of their Orders to Show Cause. *See Otarola v. INS*, 270 F.3d 1272, 1273–74 & n. 3 (9th Cir.2001).

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.